1

2

Eric Baum #2591618 (Admitted Pro Hac Vice)
Andrew Rozynski #5054465 (Admitted Pro Hac Vice)
**EISENBERG & BAUM, LLP**
24 Union Square East
Fourth Floor
New York, NY 10003
Telephone No. 212-353-8700
Facsimile No. 212-353-1708
E-mail: ebaum@EandBLaw.com
         arozynski@EandBLaw.com

3

4

5

6

7

8

9

William A. Richards #013381
Alan S. Baskin #013155
David E. Wood #021403
**BASKIN RICHARDS PLC**
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone No. 602-812-7979
Facsímile No. 602-595-7800
E-mail:  brichards@baskinrichards.com
         alan@baskinrichards.com
         dwood@baskinrichards.com

10

11

12

13

14

15

16

*Attorneys for Plaintiff*

17

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| The Southwest Fair Housing Council, an Arizona non-profit corporation, <br><br> Plaintiff, <br><br> v. <br><br> WG Chandler Villas SH, LLC d/b/a Atria Chandler Villas; WG Campana del Rio SH, LLC d/b/a Atria Campana Del Rio; WG Scottsdale, LLC d/b/a Atria Sierra Pointe; Brookdale Senior Living Communities, Inc. d/b/a Brookdale Arrowhead Ranch and Brookdale Freedom Plaza; Immanuel Caring Ministries, Inc. and CopperSands, Inc. d/b/a Immanuel Campus of Care; La Posada at Park Centre, Inc.; MorningStar Senior Management, | **Case No. CV-18-00210-TUC-RM** <br><br> **FIRST AMENDED COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

LLC and MS Arrowhead, LLC d/b/a
MorningStar at Arrowhead; Solterra of
Arizona, LLC; The Ensign Group, Inc. and
Saguaro Senior Living, Inc. d/b/a Sherwood
Village Assisted Living and Memory Care;
SRG Management, LLC d/b/a Silver Springs
and Village at Ocotillo; Sunrise Senior Living
Development, Inc., Sunrise Senior Living
Management, Inc., and Sunrise Senior Living
Service, Inc., d/b/a Sunrise at River Road;
Watermark Retirement Communities, Inc.
d/b/a The Fountains at La Cholla,

Defendants.

Plaintiff The Southwest Fair Housing Council ("Plaintiff"), by and through their undersigned counsel, Eisenberg & Baum, LLP, and Baskin Richards PLC, as and for their respective claims against Defendants WG Chandler Villas SH, LLC d/b/a Atria Chandler Villas; WG Campana Del Rio SH, LLC d/b/a Atria Campana Del Rio, LLC; WG Scottsdale, LLC, d/b/a Atria Sierra Pointe; Brookdale Senior Living Communities, Inc. d/b/a Brookdale Arrowhead Ranch and Brookdale Freedom Plaza; Immanuel Caring Ministries, Inc. and CopperSands, Inc. d/b/a Immanuel Campus of Care; La Posada at Park Centre, Inc.; MorningStar Senior Management, LLC and MS Arrowhead, LLC d/b/a MorningStar at Arrowhead; Solterra of Arizona, LLC; The Ensign Group, Inc. and Saguaro Senior Living, Inc. d/b/a Sherwood Village Assisted Living and Memory Care; SRG Management, LLC d/b/a Silver Springs and Village at Ocotillo; Sunrise Senior Living Development, Inc., Sunrise Senior Living Management, Inc. and Sunrise Senior Living Service, Inc. d/b/a Sunrise at River Road; Watermark Retirement Communities, Inc. d/b/a The Fountains at La Cholla (collectively, "Defendants"), hereby allege as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff is The Southwest Fair Housing Council ("SWFHC"), a non-profit organization that ensures that all people, including deaf individuals, have equal access to housing in throughout Arizona.  Defendants, the owners of numerous nursing homes and assisted living residences, both in Tucson, Phoenix, and the outer suburbs of those cities,

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

discriminate against deaf residents, by making statements that amounts to a refusal to provide auxiliary aids and services for effective communication with prospective residents.

2.    American Sign Language ("ASL") is a visual, three-dimensional, non-linear language, and its grammar and syntax differ from the grammar and syntax of English and other spoken languages. ASL is best thought of as a foreign language used by American deaf people, with its own grammar and syntax. Deaf individuals are often educated in Deaf schools and grow up in culturally Deaf environments. As a result of both physical and environmental factors, deaf individuals frequently have great difficulty achieving command of spoken or written English. From a pedagogical standpoint, for example, it is difficult to understand how English works if a person has never heard it. However, deaf individuals are often able to communicate with great complexity in ASL.

3.    Lip-reading, the ability to understand the speech of another by watching the speaker's lips, is an extremely speculative means of communication and is no substitute for communication through a qualified sign language interpreter. Only a small amount of the spoken sounds of aural language are visible, and many of those appear identical on the lips. Even the most adept lip-readers, in an ideal one-to-one situation, have been found to understand only 26% of what is said.

4.    For these reasons, ASL interpreters are necessary for the great majority of deaf individuals receiving medical, nursing home, and assisted living and rehabilitation care when that care involves complicated information, lengthy communications, or when the individual has other conditions that make seeing or communicating through other means more difficult.

5.    SWFHC utilized fair housing Testers to determine whether Defendants would supply an ASL interpreter for a deaf resident if requested or necessary. When the Testers from the SWFHC inquired about nursing home facilities for prospective elderly deaf relatives, they were told that their relatives would not be provided interpreters; instead, they were told that the relatives could provide their own interpreters, or could communicate to nursing home staff through writing. Writing is not an effective means of communicating since residents would have difficulty understanding complex procedures involved in services such as assessment,

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

3

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

planning, intake, screening, medical care, recreation, therapy, meetings, psychological services, discharge instructions, DNR documentation, prescribed medications, and power-of-attorney issues, among others.

6.     In the context of residential medical care provided to elderly individuals, the outright refusal to provide an ASL interpreter for any situation will result in ineffective communication for elderly deaf residents. Defendants thus discriminate against elderly deaf residents and prospective residents by failing and/or refusing to provide qualified American Sign Language interpreters or other auxiliary aids and services to ensure effective communication.

7.     Plaintiff brings this lawsuit to compel Defendants to cease unlawful discriminatory practices and to implement policies and procedures that will ensure effective communication, full and equal enjoyment, and a meaningful opportunity to participate in and benefit from Defendants' residential and health care services.  Plaintiff seeks declaratory, injunctive, and equitable relief; compensatory and punitive damages; and attorneys' fees and costs to redress Defendants' unlawful discrimination on the basis of disability in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3602; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; Title III of the Americans with Disabilities Act; Section 1557 of the Patient Protection and Affordable Care Act ("ACA"), 42 U.S.C. § 18116; Arizona Fair Housing Act ("AzFHA"), A.R.S. § 41-1491, et. seq; and/or other state and common law causes of action.

## THE PARTIES

8.     Plaintiff SWFHC is a non-profit organization with its principal office located at 177 North Church Street, Suite 1104, Tucson, Arizona 85701.

9.     SWFHC is a non-profit organization dedicated to ensuring that all people have equal access to housing opportunities throughout Arizona by eliminating housing discrimination and creating open, accessible, and inclusive communities.

10.     To this end, SWFHC provides various services, including research, advocacy, enforcement, and community outreach to facilitate the enforcement of the Federal and State Fair Housing Acts in addition to the Non-discriminatory Ordinances of different Arizonan

4

municipalities.

11.    SWFHC provides resources and assistance to individuals, engages in fair housing enforcement activities, and engages in policy initiatives that further the SWFHC's mission, including the publication and dissemination of reports and educational materials.

12.    SWFHC employs "Testers," who are individuals who pose as prospective renters, home buyers, residents, and the like for the purpose of obtaining information about the conduct of local governments, landlords, real estate agents, companies, and others to determine if housing discrimination is taking place.

13.    SWFHC expended significant staff time and other resources to investigate and respond to Defendants' discriminatory practices, which diverted resources away from other SWFHC activities.

14.    Defendants' discriminatory rental practices frustrated SWFHC's mission to ensure that all people have equal access to housing opportunities in Arizona by, among other things, making nursing home and assisted living facilities inaccessible by reason of disability.

15.    Defendant WG Chandler Villas SH, LLC is the owner, lessor, and/or operator of Atria Chandler Villas, located at 101 South Yucca Street, Chandler, Arizona 85224. Upon information and belief, Defendant is a Delaware limited liability company doing business within this judicial District with a principal place of business at 401 South 4th Street, Suite 1900, Louisville, Kentucky 40202. Upon information and belief, Defendant is a recipient of federal financial assistance and is subject to the requirements of the Fair Housing Act, Section 504 of the Rehabilitation Act of 1973, Title III of the ADA, Section 1557 of the ACA, 42 U.S.C. § 18116, and Arizona Fair Housing Act.

16.    Defendant Atria Chandler Villas is a nursing home facility and dwelling located in Arizona and a public accommodation engaged in the practice of healthcare, with a principal place of business located at 101 South Yucca Street, Chandler, Arizona 85224. Upon information and belief, Defendant is a recipient of federal financial assistance and is subject to the requirements of the Fair Housing Act, Section 504 of the Rehabilitation Act of 1973, Title III of the ADA, Section 1557 of the ACA, 42 U.S.C. § 18116, and Arizona Fair Housing Act.

17.     Defendant WG Campana Del Rio SH, LLC is the owner, lessor, and/or operator of Atria Campana Del Rio, located at 1550 East River Road, Tucson, Arizona 85718.  Upon information and belief, Defendant is a Delaware limited liability company doing business within this judicial District with a principal place of business at 401 South 4th Street, Suite 1900, Louisville, Kentucky 40202. Upon information and belief, Defendant is a recipient of federal financial assistance and is subject to the requirements of the Fair Housing Act, Section 504 of the Rehabilitation Act of 1973, Title III of the ADA, Section 1557 of the ACA, 42 U.S.C. § 18116, and Arizona Fair Housing Act.

18.     Defendant Atria Campana Del Rio is a nursing home facility and dwelling located in Arizona and a public accommodation engaged in the practice of healthcare, with a principal place of business located at 1550 East River Road, Tucson, Arizona 85718. Upon information and belief Defendant is a recipient of federal financial assistance and is subject to the requirements of the Fair Housing Act, Section 504 of the Rehabilitation Act of 1973, Title III of the ADA, Section 1557 of the ACA, 42 U.S.C. § 18116, and Arizona Fair Housing Act.

19.     Defendant WG Scottsdale, LLC is the owner, lessor, and/or operator of Atria Sierra Pointe, located at 14500 North Frank Lloyd Wright Boulevard, Scottsdale, Arizona 85260-8822.  Upon information and belief, Defendant is a Delaware limited liability company doing business within this judicial District with a principal place of business at 500 North Hurstbourne Parkway, Suite 200, Louisville, Kentucky 40222. Upon information and belief, Defendant is a recipient of federal financial assistance and is subject to the requirements of the Fair Housing Act, Section 504 of the Rehabilitation Act of 1973, Title III of the ADA, Section 1557 of the ACA, 42 U.S.C. § 18116, and Arizona Fair Housing Act.

20.     Defendant Atria Sierra Pointe is a nursing home facility and dwelling located in Arizona and a public accommodation engaged in the practice of healthcare, with a principal place of business located at 14500 North Frank Lloyd Wright Boulevard, Scottsdale, Arizona 85260-8822. Upon information and belief, Defendant is a recipient of federal financial assistance and is subject to the requirements of the Fair Housing Act, Section 504 of the Rehabilitation Act of 1973, Title III of the ADA, Section 1557 of the ACA, 42 U.S.C. § 18116,

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

and Arizona Fair Housing Act.

21.     Defendant Brookdale Senior Living Communities, Inc. is the owner, lessor or operator of Brookdale Arrowhead Ranch and Brookdale Freedom Plaza.  Upon information and belief, Defendant is a Delaware corporation doing business within this judicial District with a principal place of business at 111 Westwood Place, Suite 400, Brentwood, Tennessee 37027. Upon information and belief, Defendant is a recipient of federal financial assistance and is subject to the requirements of the Fair Housing Act, Section 504 of the Rehabilitation Act of 1973, Title III of the ADA, Section 1557 of the ACA, 42 U.S.C. § 18116, and Arizona Fair Housing Act.

22.     Defendant Brookdale Arrowhead Ranch is a nursing home facility and dwelling located in Arizona and a public accommodation engaged in the practice of healthcare, with a principal place of business located at 5861 West Beverly Lane, Glendale, Arizona 85306. Upon information and belief, Defendant is a recipient of federal financial assistance and is subject to the requirements of the Fair Housing Act, Section 504 of the Rehabilitation Act of 1973, Title III of the ADA, Section 1557 of the ACA, 42 U.S.C. § 18116, and Arizona Fair Housing Act.

23.     Defendant Brookdale Freedom Plaza is a nursing home facility and dwelling located in Arizona and a public accommodation engaged in the practice of healthcare, with a principal place of business located at 13714 North Plaza Del Rio Boulevard, Peoria, Arizona 85381-4874.  Upon information and belief, Defendant is a recipient of federal financial assistance and is subject to the requirements of the Fair Housing Act, Section 504 of the Rehabilitation Act of 1973, Title III of the ADA, Section 1557 of the ACA, 42 U.S.C. § 18116, and Arizona Fair Housing Act.

24.     Defendant Immanuel Caring Ministries, Inc. is an Arizona non-profit corporation whose principal place of business is located at 11301 North 99th Avenue Peoria, Arizona 85345, the site of the Immanuel Campus of Care facility. Immanuel Caring Ministries does business as "Immanuel Campus of Care."  Upon information and belief, Defendant is a recipient of federal financial assistance and is subject to the requirements of the Fair Housing Act, Section 504 of the Rehabilitation Act of 1973, Title III of the ADA, Section 1557 of the ACA,

42 U.S.C. § 18116, and Arizona Fair Housing Act.

25. Defendant Coppersands, Inc. is a Nevada corporation doing business in Arizona whose principal place of business is located at 3602 East Greenway Road, Suite 104, Phoenix, Arizona 85032. Upon information and belief, Defendant is a recipient of federal financial assistance and is subject to the requirements of the Fair Housing Act, Section 504 of the Rehabilitation Act of 1973, Title III of the ADA, Section 1557 of the ACA, 42 U.S.C. § 18116, and Arizona Fair Housing Act.

26. Upon information and belief, Coppersands, Inc., own, operate, or were contracted for the operation of the Immanuel Campus of Care facility during material times during which the claims in this complaint arise.

27. The Immanuel Campus of Care facility is a business operation of Immanuel Caring Ministries and, on information and belief, Coppersands, Inc. that has been licensed and doing business in the State of Arizona with a principal place of business at 11301 North 99th Avenue, Peoria, Arizona 85345.

28. Defendant La Posada at Park Centre, Inc. is a nursing home facility and dwelling located in Arizona and a public accommodation engaged in the practice of healthcare, with a principal place of business located at 350 East Morningside Road, Green Valley, Arizona 85614-5152. Upon information and belief, Defendant is a recipient of federal financial assistance and is subject to the requirements of the Fair Housing Act, Section 504 of the Rehabilitation Act of 1973, Title III of the ADA, Section 1557 of the ACA, 42 U.S.C. § 18116, and Arizona Fair Housing Act.

29. Defendant MorningStar Senior Management, LLC is the owner, lessor, and/or operator of MorningStar at Arrowhead, located at 21432 North 75th Avenue, Glendale, Arizona 85308-5967. Upon information and belief, Defendant is a Colorado limited liability company doing business within this judicial District with a principal place of business at 7555 E. Hampden Avenue, #501, Denver, Colorado 80231. Upon information and belief, Defendant is a recipient of federal financial assistance and is subject to the requirements of the Fair Housing Act, Section 504 of the Rehabilitation Act of 1973, Title III of the ADA, Section 1557 of the

ACA, 42 U.S.C. § 18116, and Arizona Fair Housing Act.

30.     Defendant MS Arrowhead, LLC is the owner, lessor, and/or operator of MorningStar at Arrowhead, located at 21432 North 75th Avenue, Glendale, Arizona 85308-5967.  Upon information and belief, Defendant is a Delaware limited liability company doing business within this judicial District with a principal place of business at 7555 E. Hampden Avenue, #501, Denver, Colorado 80231. Upon information and belief, Defendant is a recipient of federal financial assistance and is subject to the requirements of the Fair Housing Act, Section 504 of the Rehabilitation Act of 1973, Title III of the ADA, Section 1557 of the ACA, 42 U.S.C. § 18116, and Arizona Fair Housing Act.

31.     Defendant MorningStar at Arrowhead is a nursing home facility and dwelling located in Arizona and a public accommodation engaged in the practice of healthcare, with a principal place of business located at 21432 North 75th Avenue Glendale, Arizona 85308-5967. Upon information and belief, Defendant is a recipient of federal financial assistance and is subject to the requirements of the Fair Housing Act, Section 504 of the Rehabilitation Act of 1973, Title III of the ADA, Section 1557 of the ACA, 42 U.S.C. § 18116, and Arizona Fair Housing Act.

32.     Defendant The Ensign Group, Inc. is the owner, lessor, and/or operator of Sherwood Village Assisted Living and Memory Care, located at 102 South Sherwood Village Drive, Tucson, Arizona 85710.  Upon information and belief, Defendant is a Delaware corporation doing business within this judicial District with a principal place of business at 27101 Puerta Real, #450, Mission Viejo, California 92691. Upon information and belief, Defendant is a recipient of federal financial assistance and is subject to the requirements of the Fair Housing Act, Section 504 of the Rehabilitation Act of 1973, Title III of the ADA, Section 1557 of the ACA, 42 U.S.C. § 18116, and Arizona Fair Housing Act.

33.     Defendant Saguaro Senior Living, Inc. is the owner, lessor, and/or operator of Sherwood Village Assisted Living and Memory Care, located at 102 South Sherwood Village Drive, Tucson, Arizona 85710.  Upon information and belief, Defendant is a Nevada corporation doing business within this judicial District with a principal place of business at

27101 Puerta Real, #450, Mission Viejo, California 92691. Upon information and belief, Defendant is a recipient of federal financial assistance and is subject to the requirements of the Fair Housing Act, Section 504 of the Rehabilitation Act of 1973, Title III of the ADA, Section 1557 of the ACA, 42 U.S.C. § 18116, and Arizona Fair Housing Act.

34.    Defendant Sherwood Village Assisted Living and Memory Care is a nursing home facility and dwelling located in Arizona and a public accommodation engaged in the practice of healthcare, with a principal place of business located at 102 South Sherwood Village Drive, Tucson, Arizona 85710. Upon information and belief, Defendant is a recipient of federal financial assistance and is subject to the requirements of the Fair Housing Act, Section 504 of the Rehabilitation Act of 1973, Title III of the ADA, Section 1557 of the ACA, 42 U.S.C. § 18116, and Arizona Fair Housing Act.

35.    Defendant Solterra of Arizona, LLC is a nursing home facility and dwelling located in Arizona and a public accommodation engaged in the practice of healthcare, with a principal place of business located at 350 South Alma School Road, Chandler, Arizona 85224-7605. Upon information and belief, Defendant is a recipient of federal financial assistance and is subject to the requirements of the Fair Housing Act, Section 504 of the Rehabilitation Act of 1973, Title III of the ADA, Section 1557 of the ACA, 42 U.S.C. § 18116, and Arizona Fair Housing Act.

36.    Defendant SRG Management, LLC is the owner, lessor, and/or operator of Silver Springs and Village at Ocotillo.  Upon information and belief, Defendant is a California limited liability company doing business within this judicial District with a principal place of business at 500 Stevens Avenue, #100, Solana Beach, California 92075. Upon information and belief, Defendant is a recipient of federal financial assistance and is subject to the requirements of the Fair Housing Act, Section 504 of the Rehabilitation Act of 1973, Title III of the ADA, Section 1557 of the ACA, 42 U.S.C. § 18116, and Arizona Fair Housing Act.

37.    Defendant Silver Springs is a nursing home facility and dwelling located in Arizona and a public accommodation engaged in the practice of healthcare, with a principal place of business located at 500 West Camino Encanto, Green Valley, Arizona 85614-6113.

Upon information and belief, Defendant is a recipient of federal financial assistance and is subject to the requirements of the Fair Housing Act, Section 504 of the Rehabilitation Act of 1973, Title III of the ADA, Section 1557 of the ACA, 42 U.S.C. § 18116, and Arizona Fair Housing Act.

38.    Defendant Village at Ocotillo is a nursing home facility and dwelling located in Arizona and a public accommodation engaged in the practice of healthcare, with a principal place of business located at 990 West Ocotillo Road, Chandler, Arizona 85248-5708. Upon information and belief, Defendant is a recipient of federal financial assistance and is subject to the requirements of the Fair Housing Act, Section 504 of the Rehabilitation Act of 1973, Title III of the ADA, Section 1557 of the ACA, 42 U.S.C. § 18116, and Arizona Fair Housing Act.

39.    Defendant Sunrise Senior Living Development, Inc. is the owner, lessor, and/or operator of Sunrise at River Road, located at 4975 North 1st Avenue, Tucson, Arizona 85718-5614. Upon information and belief, Defendant is a Virginia corporation doing business within this judicial District with a principal place of business at 7902 Westpark Drive, McLean, Virginia 22102. Upon information and belief, Defendant is a recipient of federal financial assistance and is subject to the requirements of the Fair Housing Act, Section 504 of the Rehabilitation Act of 1973, Title III of the ADA, Section 1557 of the ACA, 42 U.S.C. § 18116, and Arizona Fair Housing Act.

40.    Defendant Sunrise Senior Living Management, Inc. is the owner, lessor, and/or operator of Sunrise at River Road, located at 4975 North 1st Avenue, Tucson, Arizona 85718-5614. Upon information and belief, Defendant is a Virginia corporation doing business within this judicial District with a principal place of business at 7902 Westpark Drive, McLean, Virginia 22102. Upon information and belief, Defendant is a recipient of federal financial assistance and is subject to the requirements of the Fair Housing Act, Section 504 of the Rehabilitation Act of 1973, Title III of the ADA, Section 1557 of the ACA, 42 U.S.C. § 18116, and Arizona Fair Housing Act.

41.    Defendant Sunrise Senior Living Services, Inc. is the owner, lessor, and/or operator of Sunrise at River Road, located at 4975 North 1st Avenue, Tucson, Arizona 85718-

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

5614.  Upon information and belief, Defendant is a Delaware corporation doing business within this judicial District with a principal place of business at 7902 Westpark Drive, McLean, Virginia 22102. Upon information and belief, Defendant is a recipient of federal financial assistance and is subject to the requirements of the Fair Housing Act, Section 504 of the Rehabilitation Act of 1973, Title III of the ADA, Section 1557 of the ACA, 42 U.S.C. § 18116, and Arizona Fair Housing Act.

42.     Defendant Sunrise at River Road is a nursing home facility and dwelling located in Arizona and a public accommodation engaged in the practice of healthcare, with a principal place of business located at 4975 North 1st Avenue, Tucson, Arizona 85718-5614. Upon information and belief, Defendant is a recipient of federal financial assistance and is subject to the requirements of the Fair Housing Act, Section 504 of the Rehabilitation Act of 1973, Title III of the ADA, Section 1557 of the ACA, 42 U.S.C. § 18116, and Arizona Fair Housing Act.

43.     Defendant Watermark Retirement Communities, Inc. is the owner, lessor, and/or operator of The Fountains at La Cholla, located at 2001 West Rudasill Road, Tucson, Arizona 85704.  Upon information and belief, Defendant is an Arizona corporation doing business within this judicial District with a principal place of business at 2020 West Rudasill Road, Tucson, Arizona 85704. Upon information and belief, Defendant is a recipient of federal financial assistance and is subject to the requirements of the Fair Housing Act, Section 504 of the Rehabilitation Act of 1973, Title III of the ADA, Section 1557 of the ACA, 42 U.S.C. § 18116, and Arizona Fair Housing Act.

44.     Defendant The Fountains at La Cholla is a nursing home facility and dwelling located in Arizona and a public accommodation engaged in the practice of healthcare, with a principal place of business located at 2001 West Rudasill Road, Tucson, Arizona 85704. Upon information and belief, Defendant is a recipient of federal financial assistance and is subject to the requirements of the Fair Housing Act, Section 504 of the Rehabilitation Act of 1973, Title III of the ADA, Section 1557 of the ACA, 42 U.S.C. § 18116, and Arizona Fair Housing Act.

## JURISDICTION & VENUE

45.     This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

1343 over Plaintiff's claims arising under federal law, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's claims arising under state and local law.

46.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the Defendants reside within the jurisdiction of this District, and/or a substantial part of the events that give rise to the claims occurred in this District, and/or the Defendants have sufficient contacts with this District to subject them to personal jurisdiction at the time this action is commenced.

## **STATEMENT OF FACTS**

SWFHC Testing

47.     SWFHC's testing investigation against the Defendants involved Testers making telephone or videophone calls to Defendants, and/or visiting Defendants' facilities in person. The Testers, operating under aliases, made inquiries purportedly on behalf of fictional deaf relative(s). The Testers were instructed to explain that their grandparent is deaf and uses ASL. Then, they were instructed to ask the Defendants how the property would deal with the needs of the deaf grandparent to allow for effective communication, including the availability of auxiliary aids and services and the Defendant's willingness to provide onsite ASL interpreters.

48.     Audio and/or video recordings were made of all contacts between the Testers and agents of the Defendants.

Factual Allegations Against Defendants Atria Chandler Villas, and/or Atria Campana Del Rio LLC, and/or Atria Sierra Pointe.

*Atria Chandler Villas*

49.     On August 23, 2016, Tester G.B., under an alias, visited Atria Chandler Villas, representing that she was looking into the nursing home on behalf of her deaf grandfather.

50.     Tester G.B. inquired about the prospective placement and accommodations available at Defendant's facility for effective communication with her deaf grandfather, and was told by Defendants' marketing representative, identified as "Kim", that no ASL interpreters would be provided, and that in the past, deaf residents have tried to lip read and that Defendants would try to communicate via pen and paper.  Tester G.B. was also told that a deaf resident should install his own necessary devices, such as a blinking door bell.

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

*Atria Sierra Pointe*

51.    On December 20, 2016, Tester M.J. called Atria Sierra Pointe concerning prospective placement and accommodations available at Defendant's facility for effective communication with her deaf grandfather, and was told by representative Gwen Westhafer, that if Tester's deaf grandfather can read and write, Defendants would communicate via a whiteboard.

Factual Allegations Against Defendants BROOKDALE SENIOR LIVING COMMUNITIES, INC. (and/or Brookdale Arrowhead Ranch, and/or Brookdale Freedom Plaza).

*Brookdale Arrowhead Ranch*

52.    On August 18, 2016, Tester G.B., visited Brookdale Arrowhead Ranch concerning prospective placement and accommodations available at Defendant's facility for effective communication with her deaf grandfather. She was told by representatives identified as Kelly Barron and Deb Carmachel that the Defendants' facility does not have any staff members who can communicate in sign language, and that the Defendants' facility would use written communication for medical appointments and other paperwork. Defendants' facility would not accommodate a light-door-bell but might use signs such as "do not disturb."

53.    On December 19, 2016, Tester M.J. received a voicemail from Deb Carmachel, in response to her inquiry about the prospective placement and accommodations available at Defendant's facility for effective communication with her deaf grandfather. Deb Carmachel stated that a current deaf resident who lives in the facility has "[her own] communicators" so there has not been problems with communication.

54.    On May 17, 2017, Tester G.B. contacted Defendant's facility inquiring about the prospective placement and accommodations available at Defendant's facility for effective communication with her deaf grandfather. Tester was told by Defendants' representative, identified as Laura, that "no Brookdale Community will provide ASL interpreters" and that for medical paperwork Defendants would rely on family members.

55.    On September 5, 2017, Tester S.M. contacted Defendant's facility concerning the prospective placement and accommodations available at Defendant's facility for effective communication with her deaf grandfather, and was informed by Defendants' representative

14

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

Victoria, that the facility is in the process of gaining a device to communicate with a deaf resident.

*Brookdale Freedom Plaza*

56.     On September 16, 2016 and on November 18, 2017, Tester G.B. corresponded with a representative identified as Mary, concerning the prospective placement of her deaf grandfather. Tester was told by Mary that the facility would communicate with Tester's grandfather using a communication board.

57.     On April 5, 2018, Tester G.B. corresponded with a representative identified as Diego, concerning the prospective placement of her deaf grandfather.  Tester was told by Diego that the facility would help connect her with an interpreter, but the family would have to pay for the services.

Factual Allegations Against Defendants IMMANUEL CARING MINISTRIES INC. AND/OR COPPERSANDS INC (and/or Immanuel Campus of Care).

*Immanuel Campus of Care*

58.     On September 7, 2016, Tester G.B. spoke with a representative identified as Janice, concerning prospective placement of her deaf grandfather. Tester was informed by Janice that the facility would communicate with her grandfather using message boards and online translation programs.

59.     On December 19, 2016, Tester M.J. called Defendant's facility and was told by a representative identified as Jill, that there is no staff who is able to communicate through ASL, and that they could not meet the needs of the Tester's grandfather.

60.     On September 7, 2017, Tester S.M. contacted Defendant's facility to inquire about the prospective placement and accommodations available at Defendant's facility for effective communication with her deaf grandfather, and was told by a representative identified as "Kieran" that there is no ASL interpreter within the facility, but that they would look into the issue of ASL interpreters.

Factual Allegations Against Defendants LA POSADA AT PARK CENTRE, INC.

61.     On June 8, 2016, Tester G.B. visited and spoke with a representative at

15

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

Defendant's facility concerning prospective placement and accommodations available at Defendant's facility for effective communication with her deaf grandfather. The representative responded that the facility would not offer any accommodation for ASL needs but would look into people in the building who may help Tester's grandfather. Tester was told that, in the meantime, Tester would need to help her grandfather with communication.

62.      On December 19, 2016, Tester M.J. e-mailed a representative identified as Sahraa to inquire about accommodations available at Defendant's facility for effective communication with her deaf grandfather, but Defendant and its representatives did not respond to the e-mail inquiry.

Factual Allegations Against Defendants MORNINGSTAR SENIOR MANAGEMENT, LLC AND/OR MS ARROWHEAD, LLC (and/or MorningStar at Arrowhead).

63.      On August 18, 2016, Tester G.B. visited with a representative identified as Deborah Calle concerning prospective placement and accommodations available at Defendant's facility for effective communication with her deaf family member. The representative stated that there is nothing in place, and suggested that the grandfather read lips and everyone can learn ASL together to help out.

64.      On May 17, 2017, Tester S.M. corresponded with a representative identified as Lon regarding prospective placement and accommodations available at Defendant's facility for effective communication with her deaf grandfather. The representative stated that Defendants would communicate with Tester's grandfather by lip-reading.

65.      On August 29, 2017, Tester S.M. corresponded again with a representative identified as Lon regarding accommodations for her deaf grandfather. Lon stated, "to my knowledge, no one here signs."

Factual Allegations Against Defendants THE ENSIGN GROUP, INC. AND/OR SAGUARO SENIOR LIVING, INC. (and/or Sherwood Village Assisted Living and Memory Care).

66.      On June 29, 2016, Tester G.B. visited the Defendant's facility and spoke with Joey Bradley, the Business Office Manager, concerning prospective placement and accommodations available at Defendant's facility for effective communication with her deaf

grandfather. Tester was told that the part-time front desk personnel knows American Sign Language, but that Defendant's facility would otherwise rely on written communication or call 911 for emergencies.

67.    On September 19, 2016, Tester G.B. called Defendant's facility and spoke to Marketing Director, Rebeka Kasle, regarding whether a sign language interpreter would be provided for her deaf grandfather, a prospective resident. Rebeka Kasle informed G.B. in an e-mail that a part-time receptionist, who works three hours a day at the facility, can communicate in sign language, but did not offer to provide any other interpreter.

Factual Allegations Against Defendant SOLTERRA OF ARIZONA, LLC

68.    On December 19, 2016, Tester M.J. sent an email to Defendant's Marketing Director, Heather Pearson, concerning prospective placement and accommodations available at Defendant's facility for effective communication with her deaf grandfather.

69.    On December 21, 2016, Tester H.P. responded to Tester M.J.'s e-mail referenced in the foregoing paragraph, stating that the family would need to pay for interpreter charges.

70.    On August 30, 2017, Tester S.M. corresponded with a representative identified as Heather Pearson, regarding accommodations available at Defendant's facility for her deaf family member. Tester was told that deaf family member would need to provide their own interpreter for medical appointments, and that the Defendant's facility would communicate using white boards.

Factual Allegations Against Defendants SRG MANAGEMENT LLC (and/or Silver Springs, and /or Village at Ocotillo).

*Silver Springs*

71.    On June 10, 2016, Tester G.B. spoke with a representative identified as Robert Allison regarding prospective placement and accommodations available at Defendant's facility for effective communication with her deaf grandfather. Tester was told by Bob that Defendant's facility does not have anything in place for ASL interpretation, and that only note pads are available.

72.    On September 5, 2017, Tester S.M. was again told by the executive director,

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

Jonathan Burmingham, that the facility does not have interpreter services, and that he would look into services but he would not want to offer something that it realistically could not continue to provide.

*Village at Ocotillo*

73.     On September 1, 2016, Tester G.B. spoke with a representative identified as Susan McCoskey regarding accommodations available at Defendant's facility for her deaf family member. Tester was told that her family member can carry around a whiteboard or a tablet to type, for communication.

74.     On September 5, 2017, Tester S.M. spoke with Jacqueline, the Director of sales, concerning prospective placement and accommodations available at Defendant's facility for effective communication with her deaf grandfather. Tester was told that the Defendant's facility would "smooth out his[grandfather's] way" and that a deaf resident had stayed in Defendant's facility for five years, and "everyone helped out."

Factual Allegations Against Defendants SUNRISE SENIOR LIVING DEVELOPMENT INC. AND/OR SUNRISE SENIOR LIVING MANAGEMENT INC. AND/OR SUNRISE SENIOR LIVING SERVICE INC. (and/or Sunrise at River Road).

*Sunrise at River Road*

75.     On June 11, 2016, Tester G.B. contacted the Defendant's facility concerning prospective placement and accommodations available for effective communication with her deaf family member, and was told by the executive director that they have no interpreter services in place.

76.     On December 15, 2016, Tester M.J. was again told by Shelley Harris, Director of Sales, that there is "no one who speaks ASL" but some of the staff members are open to learning.

77.     On August 29, 2017, Tester S.M. contacted Defendant's facility to inquire about the prospective placement and accommodations available at Defendant's facility for effective communication with her deaf grandparent, and was told by a sales representative identified as Marjorie, that that the Defendants "don't have anybody who signs."

Factual Allegations Against Defendants WATERMARK RETIREMENT COMMUNITIES

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

INC. (and/or The Fountains of La Cholla).

*The Fountains of La Cholla*

78.   On August 24, 2016, Tester G.B. visited the facility and spoke with a representative identified as Grace Hogley, and inquired about prospective placement and accommodations available at Defendant's facility for effective communication with her deaf grandfather. Tester was asked whether her deaf grandfather can "read and write" and upon confirming that he can, Tester was told that "they[assumably, facility and/or grandfather] would adapt to it [assumably, reading and writing]".

79.   On December 18, 2016, Tester M.J. spoke with a representative regarding accommodations available at Defendant's facility for her deaf family member. Tester was told that the staff are being trained and educated on ASL, but that the deaf resident who is currently at Defendant's facility brings her own interpreter and communicates via e-mail.

80.   On September 7, 2017, Tester S.M. spoke with a representative identified as Gloria concerning the prospective placement and accommodations available at Defendant's facility for effective communication with her deaf grandfather. Tester was told that the Defendant's facility has one deaf resident who brings his own interpreter and communicates with staff via lip-reading. Defendant did not answer definitively regarding whether the facility provides interpreters, but stated that they are unsure if they can pay all of the fees for interpretation as interpreters are "very pricey".

## COUNT I: VIOLATIONS OF THE FAIR HOUSING ACT AGAINST ALL DEFENDANTS

81.   Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

82.   This action is brought to enforce the requirements of the Fair Housing Act ("FHA"), 42 U.S.C. § 3604, et. seq.

83.   Defendants own and lease dwellings within the meaning of U.S.C. § 3602(b), which includes "any building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one or more families."

84.   The FHA provides that it is illegal "to discriminate against any person in the

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

terms, conditions, privileges of sale or rental of a dwelling or in the provision of services or facilities in connection with such dwelling," because of disability. 42 U.S.C. § 3604(f)(2).

85.     Under the FHA, discrimination includes "a refusal to make reasonable accommodations in rules, polices, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

86.     Under the FHA, it is unlawful to "make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on . . . handicap . . . or an intention to make any such preference, limitation, or discrimination." 42 U.S.C. § 3604(c).

87.     Plaintiff's Testers requested and were denied the reasonable accommodation of having a qualified ASL interpreter for their elderly "family members," which would allow access and an opportunity to participate, use and enjoy services provided by Defendants' facilities that are connected to their dwellings and which equally situated hearing residents are able to enjoy.

88.     Defendants discriminated on the basis of disability, in violation of the above-cited provisions of the FHA.

89.     Defendants violated the FHA by, inter alia, denying Plaintiff's Testers' requests for the provision of a qualified sign-language interpreter and thereby denying their prospective "family members," on whose behalf the Testers were inquiring, access to services, programs or activities provided by Defendants in connection to their dwellings.

90.     Plaintiff is an aggrieved person within the meaning of 42 U.S.C. § 3602(i), has been injured by the Defendants' discriminatory conduct, and has suffered damages, including diversion of resources and frustration of mission, as a result.

91.     Accordingly, Plaintiff is entitled to actual damages, punitive damages, injunctive relief, and reasonable attorneys' fees and costs pursuant to the FHA, 42 U.S.C. § 3613(c).

20

## COUNT II: VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT AGAINST THE FOLLOWING DEFENDANTS:

92.     Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

93.     At all times relevant to this action, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 has been in full force and effect and has applied to the Defendants' conduct.

94.     At all times relevant to this action, the United States Department of Health and Human Services ("HHS") regulations implementing Section 504 of the Rehabilitation Act, 45 C.F.R. Part 84, have been in full force and effect and have applied to the Defendants' conduct.

95.     At all times relevant to this action, Defendants have, upon information and belief, received federal financial assistance, including Medicare and/or Medicaid grants and/or reimbursements, and have been principally engaged in the business of providing health care. Therefore, Defendants' nursing homes are "a program or activity" receiving federal financial assistance pursuant to 29 U.S.C. § 794(b).

96.     Pursuant to Section 504 of the Rehabilitation Act, "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794.

97.     Defendants' actions constitute discrimination, solely on the basis of disability, by denying meaningful access to the services, programs, and benefits the Defendants offer to other individuals, and by refusing to provide auxiliary aids and services necessary to ensure effective communication, in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

98.     The Rehabilitation Act extends standing and relief to "any person aggrieved" by discrimination in violation thereof. 29 U.S.C. § 794a(a)(2).  Plaintiff is an aggrieved person as defined by Section 794a(a)(2) of the Rehabilitation Act.

99.     On information and belief, the refusal to offer onsite ASL interpreter services is the result of a policy or practice of Defendants to prohibit or impede the use of onsite qualified sign language interpreters without regard to whether other methods will provide effective communication.

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

100.    Pursuant to Federal regulations implementing Section 504 of the Rehabilitation Act, programs or activities receiving Federal financial assistance "must afford handicapped persons equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement, in the most integrated setting appropriate to the person's needs." 45 C.F.R. § 84.4(b)(2).

101.    Pursuant to Federal regulations implementing Section 504 of the Rehabilitation Act, healthcare providers "shall provide appropriate auxiliary aids to persons with impaired sensory, manual, or speaking skills, where necessary to afford such persons an equal opportunity to benefit from the service in question. . . . For the purpose of this paragraph, auxiliary aids may include brailled and taped material, interpreters, and other aids for persons with impaired hearing or vision." 45 C.F.R. § 84.52(d).

102.    As set out above, absent injunctive relief there is a clear risk that Defendants' actions will continue to occur and continue to frustrate Plaintiff's mission.

103.    Plaintiff is therefore entitled to seek and recover compensatory damages for the injuries and loss sustained as a result of Defendants' discriminatory conduct and deliberate indifference, including the diversion of its resources and frustration of its mission, as hereinbefore alleged, pursuant to 29 U.S.C. § 794(a).

104.    Plaintiff is further entitled to an award of attorneys' fees, costs, and disbursements pursuant to the Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a) and/or common law.

## CLAIM III: VIOLATIONS OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT AGAINST THE FOLLOWING DEFENDANTS:

105.    Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

106.    At all times relevant to this action, Title III of the ADA, 42 U.S.C. § 12181, et seq. has been in full force and effect and has applied to Defendants' conduct.

107.    At all times relevant to this action, the United States Department of Justice regulations implementing Title III of the ADA, 28 C.F.R. Part 36, have been in full force and effect and have applied to the Defendants' conduct.

108.    Defendants own, lease, and/or operate a place of public accommodation within

the meaning of 42 U.S.C. § 12181(7)(F).

109.    Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

110.    Title III of the ADA further provides that "[i]t shall be discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association." 42 U.S.C. § 12182(b)(1)(E).

111.    Federal regulations implementing Title III of the ADA provide that a public "shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c).

112.    Federal regulations implementing Title III of the ADA further provide that a public entity "shall take those steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services" 28 C.F.R. § 36.303(a).

113.    Pursuant to 28 C.F.R. § 36.202(b), "[a] public accommodation shall not afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals." 28 C.F.R. § 36.202(b).

114.    Defendants discriminated on the basis of disability, in violation of the above-cited provisions of the ADA and its implementing regulations.

115.    As set forth above, absent injunctive relief there is a clear risk that Defendants' actions will continue to occur and continue to frustrate Plaintiff's mission.

116.    Plaintiff is therefore entitled to injunctive relief, as well as an award of attorneys'

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

fees, costs, and disbursements pursuant to the ADA, 42 U.S.C. § 12188(a)(1).

## COUNT IV: VIOLATIONS OF SECTION 1557 OF THE PATIENT PROTECTION AND AFFORDABLE CARE ACT

117.    Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

118.    At all times relevant to this action, Section 1557 of the Patient Protection and Affordable Care Act ("ACA") and its implementing regulations 45 C.F.R. Part 92 et seq. have been in full force and effect and applied to the Defendants' conduct. 42 U.S.C. § 18116; 45 C.F.R. Part 92 *et seq*.

119.    The ACA, by incorporating the enforcement mechanism of the Rehabilitation Act, extends a cause of action to "any person aggrieved" by discrimination in violation thereof. 42 U.S.C. § 18116(a).

120.    At all times relevant to this action, Defendants have, upon information and belief, received federal financial assistance, including Medicaid reimbursements, and were principally engaged in the business of providing health care. Therefore, Defendants are engaged in a health program or activity receiving federal financial assistance pursuant to 42 U.S.C. § 18116(a).

121.    Pursuant to Section 1557 of the ACA "an individual shall not, on the ground prohibited under . . . section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794), be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance." 42 U.S.C. §18116.

122.    Pursuant to 45 C.F.R. §92.202, "[a] covered entity shall take appropriate steps to ensure that communications with individuals with disabilities are as effective as communications with others in health programs and activities, in accordance with the standards found at 28 CFR 35.160 through 35.164. Where the regulatory provisions referenced in this section use the term "public entity," the term "covered entity" shall apply in its place." 45 C.F.R. §92.202.[1]

---

[1] 28 CFR 35.160 "(b)(1) A public entity shall furnish appropriate auxiliary aids and services where necessary to afford individuals with disabilities, including applicants, participants,

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

24

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

123.    Pursuant to 45 C.F.R. §92.205, "[a] covered entity shall make reasonable modifications to policies, practices, or procedures when such modifications are necessary to avoid discrimination on the basis of disability . . the term reasonable modifications shall be interpreted . . . as set forth in the ADA Title II regulation." 45 C.F.R. §92.205.

124.    Pursuant to 45 C.F.R. §92.209, "[a] covered entity shall not exclude from participation in, deny the benefits of, or otherwise discriminate against an individual or entity in its health programs or activities on the basis of the race, color, national origin, sex, age, or disability of an individual with whom the individual or entity is known or believed to have a relationship or association." 45 C.F.R. §92.209.

125.    As set forth above, Defendants discriminated against Plaintiff, on the basis of disability, in violation of the ACA and its implementing regulations.

126.    Plaintiff is therefore entitled to injunctive relief, as well as compensatory damages for the injuries and loss she sustained as a result of Defendants' discriminatory conduct and deliberate indifference as hereinbefore alleged, pursuant to 42 U.S.C. § 18116(a).

127.    Plaintiff is further entitled to an award of attorneys' fees, costs, and disbursements pursuant to 42 U.S.C. § 18116(a) and/or common law.

## COUNT V: VIOLATIONS OF THE ARIZONA FAIR HOUSING ACT AGAINST ALL DEFENDANTS

128.    Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

---

companions, and members of the public, an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity of a public entity.
(2) The type of auxiliary aid or service necessary to ensure effective communication will vary in accordance with the method of communication used by the individual; the nature, length, and complexity of the communication involved; and the context in which the communication is taking place. In determining what types of auxiliary aids and services are necessary, a public entity shall give primary consideration to the requests of individuals with disabilities. In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability. (c)(1) A public entity shall not require an individual with a disability to bring another individual to interpret for him or her. (2) A public entity shall not rely on an adult accompanying an individual with a disability to interpret or facilitate communication." 28 CFR 35.160 (emphasis added)

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

129.     This action is brought to enforce of the Arizona Fair Housing Act ("AzFHA"), Ariz. Rev. Stat. § 41-1491, et. seq.

130.     Defendants own and lease dwellings within the meaning of Ariz. Rev. Stat. § 41-1491(7) which includes "(a) any building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one or more families. (b) Any vacant land that is offered for sale or lease for the construction or location of a building, structure or part of a building or structure described by subdivision (a) of this paragraph."

131.     The AzFHA provides that it is illegal to "discriminate against any person in the terms, conditions or privileges of sale or rental of a dwelling or in the provision of services or facilities in connection with the dwelling because of a disability of: 1. That person. 2. A person residing in or intending to reside in that dwelling after it is so sold, rented or made available. 3. A person associated with that person." Ariz. Rev. Stat. § 41-1491.19.

132.     Under the AzFHA, discrimination includes "A refusal to make reasonable accommodations in rules, policies, practices or services if the accommodations may be necessary to afford the person equal opportunity to use and enjoy a dwelling." Ariz. Rev. Stat. § 41-1491.19.

133.     Under the AzFHA, "[a] person may not make, print or publish or cause to be made, printed or published any notice, statement or advertisement with respect to the sale or rental of a dwelling that indicates any preference, limitation or discrimination based on race, color, religion, sex, disability, familial status or national origin or an intention to make such a preference, limitation or discrimination." Ariz. Rev. Stat. § 41-1491.15.

134.     Plaintiff's Testers requested and were denied the reasonable accommodation of having a qualified ASL interpreter for their elderly "family members," which would allow access and an opportunity to participate, use and enjoy services provided by Defendants' facilities that are connected to their dwellings and which equally situated hearing residents are able to enjoy.

135.     Defendants discriminated on the basis of disability, in violation of the above-cited provisions of the AzFHA.

136.    Defendants violated the AzFHA by, inter alia, denying Plaintiff's Testers' requests for the provision of a qualified sign-language interpreter and thereby denying their prospective "family members," on whose behalf the Testers were inquiring, access to services, programs or activities provided by Defendants in connection to their dwellings.

137.    Plaintiff is an aggrieved person within the meaning of Ariz. Rev. Stat. §§41-1491(1) and (9), who has been injured by the Defendants' discriminatory conduct, and has suffered damages, including diversion of resources and frustration of mission, as a result.

138.    Accordingly, Plaintiff is entitled to actual damages, punitive damages, injunctive relief, and reasonable attorneys' fees and court costs pursuant to the AzFHA, Ariz. Rev. Stat. § 41-1491.33.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that this Court grant the following relief against the Defendants:

A.    Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendants' policies, procedures, and practices have discriminated in violation of The Fair Housing Act ("FHA"), 42 U.S.C. § 3602; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; Title III of the Americans with Disabilities Act; Section 1557 of the Patient Protection and Affordable Care Act ("ACA"), 42 U.S.C. § 18116; and Arizona Fair Housing Act ("AzFHA"), Ariz. Rev. Stat. § 41-1491, et. seq; and/or other state and common law causes of action.

B.    Enjoin Defendants from implementing or enforcing any policy, procedure, or practice that denies deaf or hard of hearing individuals meaningful access to and full and equal enjoyment of Defendants' facilities, services or programs;

C.    Order Defendants:

i.    to develop, implement, promulgate, and comply with a policy prohibiting future discrimination against deaf or hard of hearing individuals by failing to provide effective communication;

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

ii.    to develop, implement, promulgate, and comply with a policy requiring that when a deaf or hard of hearing individual requests an onsite interpreter for effective communication, one will be provided as soon as practicable in all services offered by Defendants;

iii.    to develop, implement, promulgate, and comply with a policy to ensure that Defendants will notify individuals who are deaf or hard of hearing of their right to effective communication. This notification will include posting explicit and clearly worded notices that Defendants will provide sign language interpreters, videophones, and other communication services to ensure effective communication with deaf or hard of hearing persons;

iv.    to develop, implement, promulgate, and comply with a policy to ensure that deaf or hard of hearing individuals are able to communicate through the most appropriate method under the circumstances;

v.    to create and maintain a list of American Sign Language interpreters and ensure availability of such interpreters at any time of day or night;

vi.    to train all their employees, staff, and other agents on a regular basis about the rights of individuals who are deaf or hard of hearing under the FHA, RA, ADA, ACA, and AzFHA.

vii.    to train all their employees, staff, and other agents on a regular basis about Defendants' policy regarding how to obtain interpreters when reasonably requested by deaf or hard of hearing individuals; and

viii.    to implement a program of testing Defendants' employees, staff, and other agents to determine whether they are complying with the requirements of the FHA, RA, ADA, ACA, and AzFHA.

D.    Award to Plaintiff:

i.    Compensatory damages pursuant to Section 504 of the Rehabilitation Act, the FHA, ACA, and the AzFHA;

ii.    Punitive damages pursuant to the FHA and the AzFHA;

iii.    Reasonable costs and attorneys' fees pursuant to Section 504 of the Rehabilitation Act, the ADA, the FHA, ACA, and the AzFHA;

iv.    Interest on all amounts at the highest rates and from the earliest dates allowed by law;

v.    Any and all other relief that this Court finds necessary and appropriate.

## JURY DEMAND

Plaintiff demands trial by jury for all of the issues a jury properly may decide, and for all of the requested relief that a jury may award.


RESPECTFULLY SUBMITTED this 26th day of June, 2018.


BASKIN RICHARDS PLC

/s/ William A. Richards
William A. Richards
Alan S. Baskin
David E. Wood
2901 N. Central Avenue, Suite 1150
Phoenix, AZ  85012

AND

EISENBERG & BAUM, L.L.P.
Eric Baum, Esq.
Andrew Rozynski, Esq.
24 Union Square East
Fourth Floor
New York, NY 10003

*Attorneys for Plaintiff*

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800